**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

**TYLER DIVISION**

| | | |
|---|---|---|
| **STRAGENT, LLC and SEESAW FOUNDATION,** | § § § | |
| | § | **Civil Action No. 6:10-CV-224** |
| **Plaintiffs,** | § § | |
| **v.** | § § | |
| **FREESCALE SEMICONDUCTOR, INC.,** *et al.*, | § § § | **JURY TRIAL DEMANDED** |
| **Defendants.** | § | |

**<u>FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT</u>**

This is an action for patent infringement in which Plaintiffs Stragent, LLC ("Stragent") and SeeSaw Foundation ("SeeSaw") complain against Defendants Freescale Semiconductor, Inc. ("Freescale") and Lattice Semiconductor Corporation ("Lattice"), as follows:

**PARTIES**

1.      Plaintiff Stragent is a Texas limited liability company having its principal place of business in Longview, Texas.

2.      Plaintiff SeeSaw is a Texas non-profit corporation intended to qualify as an entity exempt from income tax as an organization described in Internal Revenue Code section 501(c)(3) and as a supporting organization described in Internal Revenue Code section 509(a)(3)(B)(i) (a "Type 1 Supporting Organization") to SeeSaw Children's Place, a Texas non-profit corporation exempt from income tax under section 501(c)(3) of the Internal Revenue Code, having its principal place of business in Longview, Texas.

3.      Plaintiff SeeSaw is the owner by assignment of United States Patent No. 6,848,072 ("the '072 patent") entitled "Network Processor Having Cyclic Redundancy Check Implemented in Hardware."  The '072 patent was duly and legally issued on January 25, 2005. A true and correct copy of the '072 patent is attached as Exhibit A.

4.      Plaintiff SeeSaw is the owner by assignment of United States Patent No. 7,028,244 ("the '244 patent") entitled "Network Processor Having Cyclic Redundancy Check Implemented in Hardware."  The '244 patent was duly and legally issued on April 11, 2006.  A true and correct copy of the '244 patent is attached as Exhibit B.

5.      Plaintiff SeeSaw is the owner by assignment of United States Patent No. 7,320,102 ("the '102 patent") entitled "Network Processor Having Cyclic Redundancy Check Implemented in Hardware."  The '102 patent was duly and legally issued on January 15, 2008. A true and correct copy of the '102 patent is attached as Exhibit C.

6.      Plaintiff Stragent is the exclusive licensee of the '072 patent, the '244 patent, and the '102 patent (collectively "the Patents-in-Suit"), having an exclusive, worldwide, transferable, retroactive and prospective license ("the License") under the Patents-in-Suit, with the right to sublicense others, to (i) make, have made, use, sell, offer to sell, import and lease any products, (ii) use and perform any method, process, and/or services, and (iii) otherwise practice any invention in any manner, such that Stragent has full right to enforce and/or sublicense the Patents-in-Suit without any restriction, subject to certain encumbrances.  Stragent further has the exclusive right under the License to maintain, enforce, or defend the Patents-in-Suit, including without limitation pursuing and collecting damages, royalties, and other payments and obtaining injunctive relief and other remedies for past, current and future infringement of the Patents-in-Suit and pursuing and entering into any settlement related to a claim of infringement.

7.     Upon information and belief, Defendant Freescale is a Delaware corporation having its principal place of business in Austin, Texas.

8.     Upon information and belief, Defendant Lattice is a Delaware corporation having its principal place of business in Hillsboro, Oregon.

## JURISDICTION AND VENUE

9.     This action arises under the patent laws of the United States, Title 35 of the United States Code.   Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10.     On information and belief, Defendants have transacted business in this district and have committed and/or induced and/or contributed to acts of patent infringement in this district. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

11.     Venue is proper is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).

## INFRINGEMENT OF U.S. PATENT NO. 6,848,072

12.     On information and belief, Defendant Lattice has been and now is directly infringing the '072 patent in the State of Texas, in this judicial district, and elsewhere in the United States.   Lattice's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, microprocessors, including without limitation Lattice SC/M FPGA products, that infringe one or

more claims of the '072 patent.  Lattice is thus liable for infringement of the '072 patent pursuant to 35 U.S.C. § 271.

13.     On information and belief, Defendant Lattice has been and now is inducing and/or contributing to infringement of the '072 patent by, for example, end-users of products incorporating microprocessors, including without limitation Lattice SC/M FPGA products, that infringe one or more claims of the '072 patent.  Lattice is thus liable for further infringement of the '072 patent pursuant to 35 U.S.C. § 271.

14.     As a result of Lattice's infringement of the '072 patent, Stragent and SeeSaw have suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

### INFRINGEMENT OF U.S. PATENT NO. 7,028,244

15.     On information and belief, Defendant Freescale has been and now is directly infringing the '244 patent in the State of Texas, in this judicial district, and elsewhere in the United States.   Freescale's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, microprocessors, including without limitation the Freescale MPC5643L, that infringe one or more claims of the '244 patent.  Freescale is thus liable for infringement of the '244 patent pursuant to 35 U.S.C. § 271.

16.     On information and belief, Defendant Freescale has been and now is inducing and/or contributing to infringement of the '244 patent by, for example, end-users of products incorporating microprocessors, including without limitation the Freescale MPC5643L, that infringe one or more claims of the '244 patent.  Freescale is thus liable for further infringement of the '244 patent pursuant to 35 U.S.C. § 271.

17.     On information and belief, Defendant Lattice has been and now is directly infringing the '244 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Lattice's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, microprocessors, including without limitation Lattice SC/M FPGA products, that infringe one or more claims of the '244 patent.  Lattice is thus liable for infringement of the '244 patent pursuant to 35 U.S.C. § 271.

18.     On information and belief, Defendant Lattice has been and now is inducing and/or contributing to infringement of the '244 patent by, for example, end-users of products incorporating microprocessors, including without limitation Lattice SC/M FPGA products, that infringe one or more claims of the '244 patent.  Lattice is thus liable for further infringement of the '244 patent pursuant to 35 U.S.C. § 271.

19.     As a result of Defendants' infringement of the '244 patent, Stragent and SeeSaw have suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## INFRINGEMENT OF U.S. PATENT NO. 7,320,102

20.     On information and belief, Defendant Freescale has been and now is directly infringing the '102 patent in the State of Texas, in this judicial district, and elsewhere in the United States.   Freescale's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, microprocessors, including without limitation the Freescale MPC5643L, that infringe one or more claims of the '102 patent.  Freescale is thus liable for infringement of the '102 patent pursuant to 35 U.S.C. § 271.

21.     On information and belief, Defendant Freescale has been and now is inducing and/or contributing to infringement of the '102 patent by, for example, end-users of products incorporating microprocessors, including without limitation the Freescale MPC5643L, that infringe one or more claims of the '102 patent.  Freescale is thus liable for further infringement of the '102 patent pursuant to 35 U.S.C. § 271.

22.     On information and belief, Defendant Lattice has been and now is directly infringing the '102 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Lattice's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, microprocessors, including without limitation Lattice SC/M FPGA products, that infringe one or more claims of the '102 patent.  Lattice is thus liable for infringement of the '102 patent pursuant to 35 U.S.C. § 271.

23.     On information and belief, Defendant Lattice has been and now is inducing and/or contributing to infringement of the '102 patent by, for example, end-users of products incorporating microprocessors, including without limitation Lattice SC/M FPGA products, that infringe one or more claims of the '102 patent.  Lattice is thus liable for further infringement of the '102 patent pursuant to 35 U.S.C. § 271.

24.     As a result of Defendants' infringement of the '102 patent, Stragent and SeeSaw have suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Stragent and SeeSaw request that this Court enter:

1.      A judgment in favor of Stragent and SeeSaw that Lattice has directly infringed the '072 patent;

2.      A judgment in favor of Stragent and SeeSaw that Lattice has induced and/or contributed to others' infringement of the '072 patent;

3.      A judgment and order requiring Lattice to pay Stragent and SeeSaw their damages, costs, expenses, and prejudgment and post-judgment interest for Lattice's infringement of the '072 patent as provided under 35 U.S.C. § 284;

4.      A judgment in favor of Stragent and SeeSaw that Defendants have directly infringed the '244 patent;

5.      A judgment in favor of Stragent and SeeSaw that Defendants have induced and/or contributed to others' infringement of the '244 patent;

6.      A judgment and order requiring Defendants to pay Stragent and SeeSaw their damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '244 patent as provided under 35 U.S.C. § 284;

7.      A judgment in favor of Stragent and SeeSaw that Defendants have directly infringed the '102 patent;

8.      A judgment in favor of Stragent and SeeSaw that Defendants have induced and/or contributed to others' infringement of the '102 patent;

9.      A judgment and order requiring Defendants to pay Stragent and SeeSaw their damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '102 patent as provided under 35 U.S.C. § 284; and

10.     Any and all other relief to which the Court may deem Stragent and SeeSaw entitled.

## DEMAND FOR JURY TRIAL

Stragent and SeeSaw, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Respectfully submitted,

Eric M. Albritton
Texas Bar No. 00790215
ema@emafirm.com
Adam A. Biggs
Texas Bar No. 24051753
aab@emafirm.com
Debra Coleman
Texas Bar No. 24059595
drc@emafirm.com
Matthew C. Harris
Texas Bar No. 24059904
mch@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

Thomas John Ward, Jr.
Texas Bar No. 00794818
jw@jwfirm.com
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas 75606
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

Danny L. Williams
Texas Bar No. 21518050
danny@wmalaw.com
J. Mike Amerson

Texas Bar No. 01150025
mike@wmalaw.com
Jaison C. John
Texas State Bar No. 24002351
jjohn@wmalaw.com
Christopher N. Cravey
Texas Bar No. 24034398
ccravey@wmalaw.com
Matthew R. Rodgers
Texas Bar No. 24041802
mrodgers@wmalaw.com
Michael A. Benefield
Indiana Bar No. 24560-49
mbenefield@wmalaw.com
David Morehan
Texas Bar No. 24065790
dmorehan@wmalaw.com
WILLIAMS, MORGAN & AMERSON, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713) 934-7000
Facsimile: (713) 934-7011

*Attorneys for Stragent, LLC and SeeSaw Foundation*


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 3rd day of June 2010.

Eric M. Albritton