IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

DATE: 9/15/11

| JUDGE<br>JOHN LOVE | REPORTER: Shelly Holmes<br>LAW CLERK: Anna Phillips |
|---|---|
| STRAGENT, LLC<br>Plaintiff<br><br>vs.<br><br>FREESCALE SEMICONDUCTOR, ET AL<br>Defendant | CIVIL ACTION NO: 6:10cv224<br><br>MARKMAN & MOTION HEARING<br>(Motion# 130) |
| | |
| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR DEFENDANT |
| See Attorney Sign-In Sheet Attached | See Attorney Sign-In Sheet Attached |

On this day, came the parties by their attorneys and the following proceedings were had:

**OPEN:** 9:01 am          **ADJOURN:** 11:58 am

| TIME: | MINUTES: |
|---|---|
| 9:01 am | Case called. Parties announced ready to proceed. |
| | The Court greeted the parties and stated we are here for a   The Court stated we have until the lunch hour to finish. The Court will hear argument and responses with priority first. We will cover the motion 139 if time allows. |
| | Mr. Albritton responded and stated this is how parties would like to proceed. |
| 9:04 pm | Mr. Cravey stated he will present terms for the plaintiff. He presented an overview of the case. There are three patents at issue in this case. Discussion made on asserted claims. Background of the technology discussed. Plaintiff has grouped claims as listed: 1. Hardwired, Preexisting and CRC terms 2. Network Processor/Network Device 3. Instruction/CRC Instruction 4. Arithmetic Logic Unit 5. Instruction Store 6. Means Plus Function. |
| 9:15 am | Mr. Cravey began argument on behalf of the plaintiffs on proposed construction terms "hardwired and preexisting". The terms use in the claims connotes more than hardware. Terms used in the specification confirms the patentee's intent to claim more than CRC hardware. |

DAVID J. MALAND, CLERK

**FILED:** 9/15/11

BY: *Mechele Morris*, Courtroom Deputy

PAGE 2 - Proceedings Continued

| TIME: | MINUTES: |
|---|---|
| 9:19 am | The Court made proposal of hardwire and preexisting. Mr. Cravey responded and stated this was fine. Mr. Howland has a problem with proposal and discussed reasons why. |
| | Mr. Howland made argument on proposed construction terms "hardwire and preexisting" terms. Plaintiff attempts to limit hardwired to something beyond "implemented in hardware". The summary of the invention refutes plaintiff's improper inference that the patent excluded all "software selectable polynomials". |
| | Mr. Cravey further responded and argued terms. |
| | The Court discussed the CRC instruction. Discussion made on the polynomial. Mr. Cravey responded and the CRC circuits and the hardwired polynomials. Mr. Howland further argued terms. The detailed description refutes plaintiff's argument that "hardwired" CRC circuit must permanently dedicated to ta specific polynomial and is incapable of being altered by the user. Instead of using four separate CRC circuits, a single CRC circuit could be used that includes four separate hardwired polynomials. |
| 9:34 am | Mr. Cravey further responded as to the terms. The issue is about "any given time, only one of the four hardwired polynomials may be in use by the circuit". Use of hardwired polynomials is an improvement over conventional hardware execution of CRC circuits, which necessarily relies on programming or software to configure a circuit to implement a CRC polynomial. Further argument made on proposal of terms. |
| | The Court further questioned Mr. Howland on proposal for CRC instruction and operation. |
| 9:42 pm | Mr. Howland responded and further discussed instruction and what is does and is consistent with defendants terms. Mr. Cravey further responded as to the claims and proposed terms "hardwired and preexisting". Mr. Howland presented the Court of white paper explaining CRC hardware and software implementation. |
| | The Court will move on to the next set of terms. |
| | Mr. Cravey began argument on behalf of the plaintiff on proposed construction "CRC" terms. This group included CRC circuit/ polynomial circuits, CRC operation and CRC results. Argument made on "CRC circuit/ polynomial circuits". Defendants proposal improperly limits each term to a preferred embodiment. |
| | The Court made proposal of terms. Plaintiff is fine with proposal. Mr. Howland responded. Mr. Cravey further responded and argued terms. The claims do not support limiting the CRC terms to error checking operations. Error checking is a separately claimed concept, apart from the CRC terms. |
| 9:55 am | The Court believed some construction is necessary. |
| | Mr. Cravey further responded. Suggestion made on proposed construction. Mr. Howland responded and disagrees with plaintiffs proposal. |
| 10:00 am | The Court will go with agreed proposal of "operation performed to generated a CRC value to be used in an error checking". The Court will moved on to "CRC Operation". |

PAGE 3 - Proceedings Continued

| TIME: | MINUTES: |
|---|---|
|  | Mr. Cravey responded and further argued term "CRC operation". The CRC result determination is made by way of logic not by dividing a block of data by the CRC polynomial. |
| 10:10 | Mr. Howland discussed the support that is given for "dividing". Further argument made on "CRC" terms. |
|  | The Court questioned Mr. Cravey about construing "CRC operation" and what his thoughts are on construction if Court does so. |
|  | Mr. Cravey responded and further argued terms. Freescale's proposed constructions are predicated on improperly reading into the claims a conceptualized embodiment from the patent specification. Reading embodiments from specification into the claims violates well settled principles of claim construction and should be rejected. |
|  | The Court will recess until 10:25. We will then take up instruction and ALU terms. |
| 10:37 am | Court resumed. The Court wanted to go back to the CRC terms and the agreement on part of the terms. Discussion made another proposal as to the term. |
|  | Plaintiff can agree to the Court's proposal. Mr. Howland is in agreement as well. |
|  | The Court will move to "CRC result" and proposal. Parties respond to the Court's proposal. Arguments and further proposals made regarding "CRC" result. |
|  | The Court will move on to "instruction". |
|  | Mr. Witcoff discussed plaintiff's improper methodology and broadening scope beyond the present invention. He began argument on proposed construction term "instruction". Instructions tell the computer what operations to execute. Discussion made on the known meaning of "instruction" in the meaning in the art. Argument made on the "CRC instruction". The parties disagreement reflects plaintiff's attempt to broaden the scope of their claims beyond the invention disclosed in the specification. The "CRC instruction" is a fundamental aspect of the present invention as stated in the summary of the invention. The patents consistently describe the CRC instruction as an instruction that causes the ALU to perform a CRC operation and specifies the CRC circuit to use in performing the CRC operation. Plaintiff's objections are contradicted by the patents. |
|  | The Court asked how this instruction cause the operation. Mr. Witcoff responded. |
|  | The Court made proposal to the parties on "CRC instruction". Mr. Witcoff responded. Mr. Morehan responded as to the Court's proposal. Arguments made on "instruction and CRC instruction". Freescale's final limitation requiring the CRC instruction to specify a CRC polynomial for use in performing the CRC operation is included as a separate limitation in the claims. Their CRC instruction would improperly impose from claim 6 of the '072 patent into other asserted claims. |
| 11:14 pm | Mr. Witcoff began argument on proposed construction term "instruction store". Freescale's proposed construction of "instruction store" is consistent with figure 2 and the intrinsic record as a whole. |
|  | Mr. Benningfield responded. Argument made on proposed construction term "instruction store". |

PAGE 4 - Proceedings Continued

| TIME: | MINUTES: |
|---|---|
| 11:18 pm | Mr. Witcoff began argument on proposed construction term "ALU". |
|  | The Court made proposal of term. Defendants are fine with proposal. Mr. Benningfield responded and further gave argument. Mr. Witcoff further responded. Mr. Cravey responded and argued term. Mr. Witcoff further responded and presented the Court with the '077 patent and definitions. |
| 11:27 am | Mr. Benefield began argument on proposed construction terms "network device and network processor". They oppose defendants overly limiting constructions. Discussion made on limitations of "network" terms. Discussion made on preamble. The contested preambles are not limiting. |
| 11:32 am | Mr. Howland responded and argued proposed terms. The key dispute is where the patentee intentionally uses certain terms to define the invention, the Fed Circuit has held these terms to be claim limitations even if used only in the preamble. The field of the invention explains the "present invention" relates to network devices. The summary if the invention confirms that implementation of the claimed CRC functionally in a network device or network processor is a fundamental characteristic of the invention. |
| 11:38 am | The Court asked Mr. Benefield about the harm about the Court's proposal of "network device". Mr. Benningfield responded. |
|  | The Court will now here what ever is left in a 15 minute time span. The Court would like to get to the motion for summary judgment #130 on indefiniteness. |
|  | Mr. Cravey began argument on motion #130. Discussion made on the linkage of the CRC. The CRC circuit linked to the claimed function discloses sufficient structure. The specification links CRC circuits as performing the functional phrase at issue. |
|  | Mr. Howland responded and argued motion. Discussion made on error detecting means. It must compare the CRC result to zero in order to determine whether an error occurred. Further discussion made of the CRC circuits and result. |
|  | The Court thanked the parties for their arguments. The Court mentioned mediation and hopes it is moving. |
|  | Mr. Albritton stated they have mediated and continued to talk. |
|  | The Court urged parties to continue to do so. |
| 11:58 am | There being nothing further, Court is adjourned. |